## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSIE WILLIAMS, BRANDON JACKSON, and ABDUL LOVE, | |
| **Plaintiffs,** | |
| v. | Case No. 22-cv-2340-NJR |
| DAVID MITCHELL, CHAPLIN ARNOLD, C. HALE, TRAVIS BAYLER, DEANNA KINK, JON LOFUS, ROB JEFFREYS, and JANE and JOHN DOE STAFF MEMBERS, | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiffs Jessie Williams, Brandon Jackson, and Abdul Love, who at the time they filed their Complaint were all inmates of the Illinois Department of Corrections ("IDOC") incarcerated at Pinckneyville Correctional Center, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983.[1] They assert claims against the defendants under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

---

[1] Since the filing of the Complaint, Brandon Jackson has been released from IDOC custody and is currently at Cook County Department of Corrections (Doc. 21).

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In the Complaint, Plaintiffs makes the following allegations: Plaintiffs are practicing Muslims who at the time they filed suit were all incarcerated at Pinckneyville (Doc. 1, pp. 2-3). As practicing Muslims, they participate in Ramadan which, relevant to the claims in this case, took place between April 1, 2022, and April 30, 2022 (*Id*. at p. 5). The observation of Ramadan requires Muslims to abstain from food and drink from sunrise to sunset (*Id*. at p. 5). At sunset, participants break their fast, traditionally with dates and water, prior to evening prayers (*Id*. at p. 9).

During the months of January and February 2022, the institutional channel at Pinckneyville informed inmates that Ramadan would be celebrated from April 1, 2022, through April 30, 2022, and directed all Muslims to contact Chaplin Arnold in order to participate (*Id*. at p. 5). In February, Williams, Jackson, and Love separately wrote to Chaplin Arnold requesting to participate in the Ramadan fast (*Id*. at p. 6). Beginning April 1, 2022, Williams and Love were allowed to participate, but Jackson was precluded from participating in the fast (*Id*.). During the first week of fasting, Love noted that dinner trays were not delivered at the appropriate time prior to sunset so that participating prisoners could break their fast at the prescribed time (*Id*.). Love noted the times that dietary staff delivered trays to the cellhouse, as well as the times unknown John and Janes Does

delivered the trays to Plaintiffs (*Id*. at pp. 6, 17-19). Neither Williams nor Love received their trays at the appropriate time and were forced to use their own food to break the fast (*Id*. at p. 7). Jackson was not allowed to participate at all and was also forced to provide his own meals for the entire month (*Id*.).

In addition to the issues with the trays, Plaintiffs allege that Defendants Arnold, Mitchell, and Jeffreys only allowed Plaintiffs to participate in the fasting aspect of Ramadan (*Id*. at p. 9). They failed to offer participation in other aspects of observing the holiday. For instance, they only received meals in their cells (*Id*.). Further, there were no instructions about exceptions or repercussions for those inmates who broke the fast early. Nor was there ever any information provided as to whether inmates would be compensated for loss of out of cell time due to the fast (*Id*. at p. 10). Plaintiffs were not allowed to participate in congregational prayers other than the normal scheduled services on Fridays and they were not allowed to participate in the feast at the end of Ramadan (*Id*.).

<u>Severance</u>

Simply put, Jackson's claims cannot proceed with the claims raised by Williams and Love. District courts must accept joint complaints filed by multiple prisoners, but only if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004).[2] Under Rule 20, "Persons may join in one

---

[2] The Court previously advised the individual Plaintiffs of the possible consequences of proceeding jointly and gave them the opportunity to withdraw (Doc. 15). The Plaintiffs indicated their intention to proceed jointly (Docs. 16-17).

action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." A district court also has the discretion to sever a party at any time. *See* Fed. R. Civ. P. 21. The Seventh Circuit has stated,

> [T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.

*Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted).

Although all three individuals are practicing Muslims who sought to participate in Ramadan, Plaintiff Jackson's claims do not arise out of the same occurrences nor do his claims have the same questions of law or fact. Unlike Love and Williams, Jackson was not allowed to participate in the observance of Ramadan and had to provide his own food for the fast. Love and Williams were allowed to participate—their only issue is the timing of the tray delivery for the evening meal.

Even if the requirements of Rule 20 were found to be met, the Court can still require Plaintiffs to proceed separately with their claims if joinder would create unnecessary "prejudice, expense or delay[.]" *Chavez*, 251 F.3d at 632. In this case, allowing Plaintiff Jackson to proceed together with Williams and Love will foreseeably delay, complicate, and increase the costs of litigating the claims. Jackson is no longer an inmate in IDOC and is currently housed in Cook County (Doc. 21). As non-attorneys proceeding *pro se,* Plaintiffs may not sign or file motions or pleadings on behalf of each other. Thus,

each Plaintiff must sign every filing affecting his claims. *See* Fed. R. Civ. P. 11. While obtaining signatures at the beginning of the case was relatively easy, as all three were incarcerated at Pinckneyville, it will be increasingly difficult to obtain Jackson's signature as he is no longer in IDOC custody. "When the plaintiffs are no longer housed together in the same unit, it may be impossible [to] obtain each other's signatures." *See Hunter v. Allen Cty. Jail,* No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *1 (N.D. Ind. Nov. 23, 2020).

For these reasons, the Court finds that joinder of Jackson's claims in this case will further delay the fair and efficient litigation of the remaining Plaintiffs' claims. Thus, Jackson's case will be severed into a separate action. *See* Fed. R. Civ. P. 21. The only claims that will remain in this case are the claims raised by Plaintiffs Love and Williams which will be reviewed by separate order. This Order, does not, of course, prevent Plaintiffs from continuing to cooperate and assist one another or coordinate their litigation.

## Disposition

For the reasons stated above, the claims brought by Plaintiff Brandon Jackson are **TERMINATED** from this action. The Clerk of Court is **DIRECTED** to **OPEN** a new case for Plaintiff Jackson against all of the Defendants listed in the caption of this case. The new case shall be captioned as follows:

BRANDON JACKSON, Plaintiff vs. DAVID MITCHELL, *et al.,* Defendants.

The Clerk is **DIRECTED** to **FILE** the following documents in the newly opened case:

- This Memorandum and Order
- Complaint (Doc. 1)
- Jackson's Motion to Proceed *In Forma Pauperis* (Doc. 3)
- Motion for Recruitment of Counsel (Doc. 2)
- Jackson's Consent/Non-Consent Form

The only remaining claims in this case are those brought by Jessie Williams and Abdul Love. The claims are subject to review pursuant to 28 U.S.C. § 1915A which will be conducted after a ruling on the remaining Plaintiffs' pending motions to proceed *in forma pauperis* ("IFP") (Docs. 4 and 5).

**IT IS SO ORDERED.**

**DATED:  August 17, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**