IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSIE WILLIAMS and ABDUL LOVE,  Plaintiffs,  v.  DAVID MITCHELL, CHAPLIN ARNOLD, C. HALE, TRAVIS BAYLER, DEANNA KINK, JON LOFUS, ROB JEFFREYS, JANE and JOHN DOES,  Defendants. | Case No. 22-cv-2340-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiffs Jessie Williams and Abdul Love, inmates of the Illinois Department of Corrections ("IDOC") who are currently incarcerated at Pinckneyville Correctional Center, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Plaintiffs allege Defendants substantially burdened their observation of Ramadan. They assert claims against the defendants under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] Plaintiff Brandon Jackson's claims were previously severed from the remaining Plaintiffs' claims.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In the Complaint, Plaintiffs makes the following allegations: Plaintiffs are practicing Muslims who at the time they filed suit were all incarcerated at Pinckneyville (Doc. 1, pp. 2-3). As practicing Muslims, they participate in Ramadan which, relevant to the claims in this case, took place between April 1, 2022, and April 30, 2022 (*Id*. at p. 5). The observation of Ramadan requires Muslims to abstain from food and drink from sunrise to sunset (*Id*. at p. 5). At sunset, participants break their fast, traditionally with dates and water, prior to evening prayers (*Id*. at p. 9).

During the months of January and February 2022, the institutional channel at Pinckneyville informed inmates that Ramadan would be celebrated from April 1, 2022, through April 30, 2022, and all Muslims should contact Chaplin Arnold in order to participate (*Id*. at p. 5). In February, Williams and Love separately wrote to Chaplin Arnold requesting to participate in the Ramadan fast (*Id*. at p. 6). Beginning April 1, 2022, Williams and Love were allowed to participate. During the first week of fasting, however, Love noted that dinner trays were not delivered at the appropriate time prior to sunset in order that participating prisoners could break their fast at the prescribed time (*Id*.). Love noted the times that dietary staff delivered trays to the cellhouse and the time unknown John and Jane Does delivered trays to Plaintiffs (*Id*. at pp. 6, 17-19). Neither Williams nor Love received their trays at the appropriate time and were forced to use their own food to break the fast (*Id*. at p. 7).

In addition to the issues with the trays, Plaintiffs allege that Defendants Arnold, Mitchell, and Jeffreys only allowed Plaintiffs to participate in the fasting aspect of Ramadan (*Id.* at p. 9). They failed to offer participation in other aspects important to observing the holiday. For instance, they only received meals in their cells (*Id.*). Further, there were no instructions about exceptions or repercussions for those inmates who broke the fast early. Nor was there ever any information provided as to whether inmates would be compensated for loss of out of cell time due to taking their meals in their cells (*Id.* at p. 10). Plaintiffs were not allowed to participate in congregational prayers other than the normal scheduled services on Friday, and they were not allowed to participate in the feast at the end of Ramadan (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **First Amendment claim against David Mitchell, Chaplin Arnold, C. Hale, Travis Bayler, DeAnna Kink, Jon Lofus, Rob Jeffreys, and John and Jane Doe correctional officers for substantially burdening Plaintiffs' practice of religion by delaying Plaintiffs' access to evening meals during the month of Ramadan.**

**Count 2:** **RULIPA claim against David Mitchell, Chaplin Arnold, C. Hale, Travis Bayler, DeAnna Kink, Jon Lofus, Rob Jeffreys, and John and Jane Doe correctional officers for substantially burdening Plaintiffs' practice of religion by delaying Plaintiffs' access to evening meals during the month of Ramadan.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

*Preliminary Dismissals*

Plaintiffs may not proceed against the generic John and Jane Does, identified only as "various staff members assigned to various positions at Pinckneyville" (Doc. 1, p. 5). Although Plaintiffs may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), they include generic groups including "staff members." These claims are too generic to survive threshold review as they do not describe the unknown staff members or even state the number of them. Plaintiffs only state the unknown defendants were the various dietary and security staff who brought dinner trays during the month of Ramadan (Doc. 1, p. 6).

Plaintiffs also seek to include all of the grievance officials who denied their grievances about their religious diet. They further allege that C. Hale, Arnold, and Mitchell delayed answering their grievances until after Ramadan (*Id*. at p. 10). Defendants Bayler, Kink, Lofus, and Jeffreys also denied Plaintiffs' grievances. Plaintiffs also allege that the grievance responses evidenced a conspiracy among the participants to deny Plaintiffs' rights because their grievances had merit but were denied (*Id*. at p. 12). But to the extent Plaintiffs raise claims against grievance officials for the denial of grievances,

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

Plaintiffs fail to state a claim. The simple mishandling or denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Nor do the grievance responses state a conspiracy claim. Thus, any claims against Defendants for mishandling and/or denying grievances are **DISMISSED**. This includes the claims against C. Hale, Travis Bayler, DeAnna Kink, and Jon Lofus.

*Count 1*

As to Count 1, Plaintiffs allege that their participation in Ramadan was severely hampered due to the delay in receiving evening meal trays. They also allege that they were denied communal prayers and denied participation in the feast at the end of Ramadan. "A prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). In order to state a claim under the First Amendment, a plaintiff must set forth facts demonstrating that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Here, Plaintiffs Love and Williams allege that the practice of their religion was burdened by the constraints put on their participation in Ramadan. They allege that Chaplin Arnold, Mitchell, and Jeffreys only allowed them to participate in certain aspects of Ramadan. At this stage, Plaintiffs state a claim in Count 1 against Arnold, Mitchell, and Jeffreys. All other Defendants are **DISMISSED without prejudice**.

*Count 2*

Inmates are also afforded broad religious protections under RLUIPA, which prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C.A. § 2000cc-1; *Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015).

The relief available under RLUIPA is injunctive; it does not authorize monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 287 (2011); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Nor does RLUIPA permit a cause of action against state employees; it permits relief only against "governmental bodies that receive funds and accept the conditions attached by the statute." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Consequently, Rob Jeffreys, in his official capacity as the director of the IDOC, is the proper defendant for any injunctive relief Plaintiffs may be seeking. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Thus, Count 2 shall proceed against Jeffreys, in his official capacity only. All other claims against Defendants in their official capacities are **DISMISSED without prejudice**.

## Pending Motions

As to Plaintiffs' request for counsel (Doc. 2), Plaintiffs indicate they have made attempts to obtain counsel on their own. They also argue that they experience limited access to legal materials and have a limited ability to investigate while in prison. Given

the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, Plaintiffs' filings have been easy to read and understand. At this stage of the process, the Court finds Plaintiffs capable of representing themselves. Their motion for counsel (Doc. 2) is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against David Mitchell, Chaplin Arnold, and Rob Jeffreys. Count 2 shall proceed against Rob Jeffreys, in his official capacity only. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants David Mitchell, Chaplin Arnold, and Rob Jeffreys (individual and official capacities): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiffs. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under Section 1915, they will be required to pay the full amount of the costs, regardless of whether their application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their addresses; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court

documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 18, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiffs

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiffs are advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiffs need not submit any evidence to the Court at this time, unless specifically directed to do so.**