IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSIE WILLIAMS and ABDUL LOVE, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MITCHELL, RICHARD ARNOLD, and LATOYA HUGHES,[1] <br><br> Defendants. | Case No. 22-cv-2340-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes. Plaintiffs Jessie Williams and Abdul Love, inmates of the Illinois Department of Corrections, filed this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. Their Complaint alleged that the defendants delayed their access to evening meals during the month of Ramadan and substantially burdened the practice of their religion (Doc. 25). They brought claims pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Because Williams and Love sought to bring their claims jointly, the Court warned them of the consequences of proceeding jointly in a single lawsuit. Specifically, they were warned that any document filed on behalf of multiple plaintiffs must be signed by each

---

[1] Chaplin Arnold has now identified himself by his proper name, Richard Arnold (*See* Doc. 55). The Clerk of Court is **DIRECTED** to **CORRECT** the docket to reflect Arnold's proper name.

1

plaintiff. Williams also was offered the opportunity to sever his claims into a separate lawsuit (Doc. 15).[2] Williams chose to proceed as a plaintiff in the case, and he and Love were allowed to proceed on two counts related to their ability to participate in Ramadan (Docs. 16, 22).[3]

At the time that the plaintiffs filed their lawsuit, both Love and Williams were incarcerated at Pinckneyville Correctional Center, allowing for easy coordination of their claims and signing of motions and pleadings (Doc. 22). But Williams has since been transferred to Illinois River Correctional Center. His transfer makes coordinating with Love difficult.

Love recently expressed his difficulties in proceeding with the case due to his co-plaintiff's transfer. In his motion for appointment of counsel, Love noted that he cannot consult with Williams on issues regarding the litigation and thus cannot effectively respond to pleadings (Doc. 49, p. 2). Defendants also have expressed difficulties caused by the plaintiffs being housed at two different facilities. Defendants requested additional time to submit their initial disclosures because of privacy and security concerns in producing documents to two separate plaintiffs (Doc. 42). Defendants noted their concern regarding inadvertently producing the private information of one plaintiff to the other plaintiff. They requested additional time to work through the logistics of producing the

---

[2] Abdul Love was not offered the opportunity to sever his claims because he was the author of the joint Complaint (Doc. 15, p. 4 n.1).
[3] A third plaintiff, Brandon Jackson, and his unrelated claims were severed into a separate lawsuit (Doc. 22).

relevant documents to each plaintiff (*Id*. at p. 2). The Court too has experienced difficulties. Love's motion for counsel and motion for status were received by the Clerk of Court and initially filed with Plaintiff Jessie Williams listed as the filer (*See* Doc. 47). The error was later corrected, and the motions re-filed with the correct filer identified (*Id*.).

Here, the transfer of Williams has caused difficulties and delays in the litigation. Discovery has been delayed due to concerns over producing the appropriate discovery to the proper plaintiff. Motions have been incorrectly filed, and Love recently expressed difficulties in coordinating with Williams on future filings. Further, Defendants have now filed a motion for summary judgment on the issue of administrative exhaustion (Doc. 55). Although the deadline has not yet passed, it will be virtually impossible for the plaintiffs to file a joint response and/or obtain each other's signatures on a response. *See Hunter v. Allen Cty. Jail*, Case No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *1 (N.D. Ind. Nov. 23, 2020) ("When the plaintiffs are no longer housed together in the same unit, it may be impossible [to] obtain each other's signatures."). *See also Lewis v. Lenc-Smtih Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986) (unrepresented plaintiff must sign each pleading); FED. R. CIV. P. 11(a).

Although the plaintiffs in this case originally satisfied the requirements for permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure, the Court has the discretion to sever a party *at any time*. *See* FED. R. CIV. P. 21. The Seventh Circuit has stated,

"[T]his discretion allows a trial court to consider, in addition to the

3

>   requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."

*Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted).

It is clear from recent filings in this case that allowing Plaintiffs to proceed jointly in this case will only create unnecessary "prejudice, expense or delay[.]" *Id.* (quoting CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1652 at 396 (2001)). Discovery has already been delayed, and it is simply not possible for Love and Williams to file a joint response to the pending motion for summary judgment. Although they wished to proceed together, it is not possible for them to continue to do so now that Williams has been transferred. For these reasons, the Court finds that joinder in this case will further delay the fair and efficient litigation of each plaintiff's claims. Because joinder is no longer efficient, the claims of Love and Willis will be severed into separate actions. *See* FED. R. CIV. P. 21 ("The Court may also sever any claim against a party.").[4] This does not prevent Plaintiffs from continuing to cooperate and assist one another, or coordinate their litigation. Nor does it prevent future consolidation by the Court pursuant to Rule

---

[4] The Court notes that the plaintiffs' original Complaint's caption purported to be on behalf of the plaintiffs "as representatives of a class of individuals" (Doc. 1 p. 1). The request for relief also sought class action certification (*Id.* at p. 14). In Love's motion for counsel, he purported to have declarations of other inmates who were subjected to the same deprivations during the relevant time period (Doc. 49). But to the extent Plaintiffs sought class certification, their request is now **DENIED**. Neither plaintiff can satisfy the elements for class certification, specifically the requirement of adequacy of class representation. As nonlawyers, Plaintiffs cannot represent the other potential members of the class. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.") (emphasis omitted).

42(a), at a later time as necessary for efficiency. Because of the overlap of the claims in this case, and the potential for future consolidation of discovery or the trial, the undersigned shall be assigned to the newly severed case.

The Court notes that Defendants' motion for summary judgment on the issue of exhaustion is currently pending (Doc. 55). The motion raises the issue of exhaustion as to each plaintiff. As such, the pending motion will be filed in Williams's severed case. Each plaintiff will now have until **June 10, 2024**, to file a response to the motion in their respective cases. Defendants reply, if any, is due **June 24, 2024**.

For the reasons stated above, Plaintiff Jessie Williams is **TERMINATED** as a party in this action. The Clerk of Court is **DIRECTED** to open a new case for Williams's claims against David Mitchell, Latoya Hughes, and Richard Arnold.[5] The Clerk is further **DIRECTED** to assign the undersigned judge to the newly severed case and to file the following documents from the original case in the new case:

   (1) This Memorandum and Order;
   (2) The Complaint (Doc. 1);
   (3) Williams's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 5);
   (4) Order Granting Williams's Motion to Proceed IFP (Doc. 24);
   (5) Consent/Non-Consent Form (Doc. 11) (sealed)
   (6) The Court's Order for Service of Process (Doc. 25);
   (7) The Answer (Doc. 37);
   (8) Initial Scheduling Order (Doc. 39);
   (9) Motion for Summary Judgment (Doc. 55); and
 (10) Defendants' Rule 56 Notice (Doc. 56).

---

[5] Although Defendant Rob Jeffreys was listed as a defendant in Defendants' motion for summary judgment, LaToya Hughes was previously substituted in his place as the proper defendant for Plaintiff Williams's RLUIPA claim, and Jeffreys was dismissed as a defendant (Doc. 39).

Finally, the Clerk is **DIRECTED** to change the caption of this case to: *Abdul Love*, Plaintiff v. *Mitchell, et al.*, Defendants. Only Plaintiff Love will proceed in this action. Each plaintiff is reminded that his response to Defendants' summary judgment motion is due **June 10, 2024**.

    **IT IS SO ORDERED.**

    DATED:  May 9, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**