In The United States District Court
For The Southern District of Illinois

Abdul Love
Plaintiff

Scanned at Pinckneyville CC and e-mailed
4/1/25 by AB 14 pages
Date Initials No

Vs No: 22 CV 2340

David Mitchell, et al
Defendants

Motion For Spoliation Sanctions

Now comes Plaintiff, Abdul Love, pro se pursuant Rule 37(e) of the Fed R. Civ. P. moves this Honorable Court for an order imposing sanctions against Defendants.
In support thereof Plaintiff states:

1. On January 27, 2025, Plaintiff filed a motion seeking leave to issue a subpoena on legal counsel for Pinckneyville Correctional Center directing them to turn over all electronically stored video tape footage from April 1, 2022 thru April 30, 2022, from 2 house between the hours of 6:50pm and 9:10pm (DOC 70)

2. Plaintiff believes that said video footage would confirm the allegations alleged in the complaint that the food carts containing the meal(s) necessary for Plaintiff to

break his fast would sit, on most occasions, in excess of two hours after sunset, in the foyer, forcing Plaintiff to use his own food to break his fast.

3. On February 11, 2025, Defense counsel Krystin Beasley filed a response to Plaintiff's motion for leave to issue a subpoena (Doc 71)

4. In said response counsel indicates, "Undersigned counsel has since received a response from IDOC legal counsel for the facility stating that the Internal Affairs lieutenant did not locate any relevant video (Doc 71 at 4).

5. Nonetheless, in Charlene Hale, the grievance officers, May 9, 2022, response to Plaintiff's grievance, which, Defendants supplied to Plaintiff in their March 13, 2024, initial disclosures, indicates, "This grievance officer did have intel pull video footage to verify when trays were being delivered/served to individuals in custody" (See grievance response attached hereto as exhibit C, bates number 13-14)

6. In addition, Plaintiff also requested said video tape footage in his first request for production of documents to

defendants (See Defendants response to Plaintiffs first request for production of documents attached hereto as exhibit L)

¶ It is clear that Defendants knew that the video footage/electronicly stored information, Plaintiff has request, existed and Defendants did not take reasonable measures to preserve them as required by Rule 37(e).

¶ Wherefore Plaintiff prays this Honorable court enter an order against the Defendants imposing any and all spoilation sanctions it deems just, proper and equitable.

Respectfully submitted,
[signature]
Abdul Love M10608
Pinckneyville Correctional Center
5835 State Route 154
Pinckneyville, IL
62274

Dated: March 28. 2025

# EXHIBIT

# C

Scanned at Pinckneyville CC and e-mailed
4/1/25 by CB 14 pages
Date Initials No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Abdul Love — Name

M10108 — ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition? Yes or **(No)**

   If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition? Yes or **(No)**

   If yes, please list case number: ______

   If yes, but you do not know the case number mark here: ______

3. Should this document be filed in a pending case? **(Yes)** or No

   If yes, please list case number: 22-CV-2340

   If yes, but you do not know the case number mark here: ______

4. Please list the total number of pages being transmitted: 14

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Motion for Spoilation Sanctions | 14 |
| | |
| | |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

**Grievance Officer's Report**

**Date Received:** 04/13/2022 **Date of Review:** 05/02/2022 **Grievance # (optional)** 1077-04-22

**Offender:** Abdul Love **ID#:** M10108

**Nature of Grievance:**

Religious Discrimination (Ramadan)

**Facts Reviewed:**

Grievant claims that outside of the memo on TV informing Muslims when Ramadan begins, there has not been a single bit of information given out to inform said individuals about the rules, feeding schedule, activities, and overall function/expectation with regards to their participation in the Ramadan fast this year 2022. Grievant claims that there is no info about who to contact if an individual has any questions or concerns regarding the Ramadan fast. Grievant claims that Chaplain Arnold doesn't respond to requests anyways. Grievant claims that his belief is that the reason no information was put out regarding the Ramadan fast was so that no one could be held liable for the constitutional violations that the Muslim would incur from the racist Islamaphobes employed here at PNK. Grievant claims that his dinner trays have and will continue to sit in the foyer for roughly 2 hours every night after dietary delivers the trays before he actually receives it, forcing him to unnecessarily endure stomach cramps, light headedness and headaches from having not eaten for over 16 hours. Grievant claims that this practice has been going on here since the beginning of Ramadan in April 1, 2022 and also believes it will continue until the end of the month of Ramadan, April 30, 2022.

Relief requested: Get him his dinner tray no later than 20 minutes from the time dietary delivers them. A memo regarding the Ramadan fast detailing staff and participant obligations. Stop the unprofessional, racist and Islamaphobic behavior from the staff.

continued...

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

C. Hale, CCII — C. Hale, CCII

Print Grievance Officer's Name — Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

**Chief Administrative Officer's Response**

**Date Received:** 5-9-22 ☒ I concur ☐ I do not concur ☐ Remand

**Action Taken**

[signature] — 5-9-22

Chief Administrative Officer's Signature — Date

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature — ID# — Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

Page 2 (con't)

Abdul Love, M10108 Grievance #1077-04-22

**RESPONSE:**

Per Chaplain: Accommodations for Ramadan are made ever year. Muslim individuals are allowed to participate. The individual in Custody handbook makes it clear that any questions regrading religious matters should be addressed to the facility chaplain.

There is no other information to be disseminated regarding Ramadan. Information regarding Ramadan was displayed on the individual in custody tv: Ramadan 2022 begins April 1 and ends April 30. If you are a Muslim with a sincerely held religious belief, and want to observe the Ramadan fast during daylight hours, please send a request slip to Chaplain Arnold

He is assigned to two Islam chapel classes, so he is able to attend twice a week and has direct access to ask me any questions he has. He was also assigned to the Ramadan list this past month.

Per Dietary: Since there is no date or time of the incident, I cannot accurately answer this individuals question. I'm assuming he is talking about the dinner meal since that is what he is referring to. Per 1-9pm shift, the dinner trays are made and delivered directly to the cell houses at approximately 7:50pm.

This Grievance Officer did have Intel pull video footage to verify when trays were being delivered/served to individuals in custody. After reviewing a few random dates, because none in particular were given, it was determined that trays were delivered to the cellhouse anywhere between 7:15 and 8pm. Trays were delivered/passed out to individuals in custody anywhere between 8:30 and 9pm on the dates the video footage was pulled. It should also be noted that trays were not delivered until that time due to dayroom. Once dayroom was over and individuals were secured back in the cells, the trays were delivered.

# EXHIBIT

# L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ABDUL LOVE, #M10108, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 22-2340-NJR |
| | ) | |
| DAVID MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ARNOLD'S RESPONSE TO PLAINTIFF'S FIRST SET OF** **<u>REQUESTS FOR PRODUCTION OF DOCUMENTS DATED 9/25/2024</u>**

NOW COMES the Defendant, CHAPLAIN RICHARD ARNOLD, pursuant to Federal Rule of Civil Procedure 34, and hereby submit his Response to Plaintiff's First Set of Requests for Production of Documents, dated 9/25/2024, stating as follows:

1. All statements (whether signed or unsigned, written or recorded) of persons having knowledge of the occurrences alleged in the Complaint, the damages claimed, or any other matters alleged in the complaint.

**<u>RESPONSE</u>: Defendant objects to this request as overbroad in scope, vague, and not proportional to the needs of the case in that it seeks "all statements (whether signed or unsigned, written or recorded)" regarding the allegations in the complaint or the alleged damages. Fed. R. Civ. P. 26(b).**

**Subject to and without waiver of said objections, Defendant directs Plaintiff to the documents previously produced through Defendant's initial disclosures, identified as Bates 000001-000333. Investigation continues.**

2. All other documents containing facts or opinions of persons having knowledge of the occurrences alleged in the complaint, the damages claimed, or any other matters alleged in the complaint including but not limited to notes or memoranda of conversations, videos, text, email, untranscriped tapes, court reporters notes and correspondences with such persons.

**RESPONSE**: **Defendant objects to this request as overbroad in scope, vague, unclear, and not proportional to the needs of the case in that it seeks "[a]ll other documents containing facts or opinions of persons having knowledge of the occurrences alleged in the complaint, the damages claimed, or any other matters alleged in the complaint." Fed. R. Civ. P. 26(b). Defendant further objects to this request to the extent it seeks materials that reveal photographs or video of staff of the Illinois Department of Corrections, photographs or video of other individuals in custody, and/or photographs or video of areas within the IDOC facility that could be utilized to facilitate an escape, attack, or riot based on safety and security concerns.**

**Subject to and without waiver of said objections, Defendant directs Plaintiff to the documents previously produced through Defendant's initial disclosures, identified as Bates 000001-000333. Defendant does not maintain video footage within his personal custody, control, or possession; however, Defendant has requested video footage, if any remains in existence, from the Illinois Department of Corrections and is awaiting a response. Investigation continues.**

3. Any and all communications sent to or received from anyone (including but not limited to family members, friends, medical staff, Illinois Department of Corrections employees, employees of the State of Illinois or the Federal government) that refer to Plaintiff's complaint or any circumstances concerning the complaint.

**RESPONSE:** Defendant objects to this request as overbroad in scope, vague, unduly burdensome, and not proportional to the needs of the case in that it seeks "any and all communications sent to or received from anyone." Fed. R. Civ. P. 26(b).

Subject to and without waiver of said objections, Defendant directs Plaintiff to his grievances, previously produced as Bates 000001-000080; his grievance log, previously produced as Bates 000088-000091; his CHAMP notes, previously produced as Bates 000096-000101; the Ramadan Participant Lists, previously produced as Bates 000129-000132; the Ramadan 2022 Email, previously produced as Bates 000133-000135; and his ARB records, previously produced as Bates 000157-000327. Investigation continues.

4. All objects, photographs, videotapes, slides, motion pictures, diagrams, models, samples, drawings or other things of a tangible nature relating to the matters alleged in the complaint.

**RESPONSE:** Defendant objects to this request as overbroad in scope, vague, unclear, and not proportional to the needs of the case in that it seeks "[a]ll objects, photographs, videotapes, slides, motion pictures, diagrams, [undiscernible], samples, drawings, or other things of a tangible nature" related to the complaint's allegations. Fed. R. Civ. P. 26(b). Defendant further objects to this request to the extent it seeks materials that reveal

photographs or video of staff of the Illinois Department of Corrections, photographs or video of other individuals in custody, and/or photographs or video of areas within the IDOC facility that could be utilized to facilitate an escape, attack, or riot based on safety and security concerns.

Subject to and without waiver of said objections, Defendant does not maintain video footage or photographs within his personal custody, control, or possession; however, Defendant has requested video footage, if any remains in existence, from the Illinois Department of Corrections and is awaiting a response. Defendant further directs Plaintiff to the Ramadan Participant Lists, previously produced as Bates 000129-000132; and the Ramadan 2022 Email, previously produced as Bates 000133-000135. Investigation continues.

5. All reports, note books, articles, text or others authorities relating to matters alleged in the complaint.

**RESPONSE**: Defendant objects to this request as overbroad in scope, vague, unclear, and not proportional to the needs of the case in that it seeks "[a]ll reports, notebooks, articles, text or other authorities" related to the complaint's allegations. Fed. R. Civ. P. 26(b).

Subject to and without waiver of said objections, Defendant respectfully requests Plaintiff clarify what is sought through this request.

6. All communications (including but not limited of Illinois Department of Corrections employees,

email, text or any electronically stored information) with Defendant Arnold regarding complaints related to the allegations in the complaint.

**RESPONSE**: Defendant objects to this request as overbroad in scope, vague, unclear, and not proportional to the needs of the case in that it seeks "[a]ll communications (including but not limited [to] Illinois Department of Corrections employees, email, text or any electronically stored information) with Defendant Arnold" related to the complaint's allegations. Fed. R. Civ. P. 26(b).

Subject to and without waiver of said objections, Defendant directs Plaintiff to the Ramadan Participant Lists, previously produced as Bates 000129-000132; and the Ramadan 2022 Email, previously produced as Bates 000133-000135. Investigation continues.

8. The video recordings from April 1, 2022 til April 30, 2022, from 2 hours between 6:50 pm through 9:10 pm.

**RESPONSE**: Defendant objects to this request as unduly burdensome and not proportional to the needs of the case. Fed. R. Civ. P. 26(b). Defendant further objects to this request to the extent it seeks materials that reveal photographs or video of staff of the Illinois Department of Corrections, photographs or video of other individuals in custody, and/or photographs or video of areas within the IDOC facility that could be utilized to facilitate an escape, attack, or riot based on safety and security concerns.

Subject to and without waiver of said objections, Defendant does not maintain video footage within his personal custody, control, or possession; however, Defendant has requested video footage, if any remains in existence, from the Illinois Department of Corrections and is awaiting a response. Investigation continues.

8. All documents and communications related to your responses to Plaintiffs First Set of Interrogatories and Admissions.

**RESPONSE: Defendant objects to this request to the extent it seeks communications between Defendant Arnold and his counsel, which are protected by attorney client privilege. *See* Fed. R. Evid. 502.**

**Subject to and without waiver of said objections, Defendant directs Plaintiff to the documents previously produced through Defendant's initial disclosures, identified as Bates 000001-000333.**

Respectfully submitted,

CHAPLAIN RICHARD ARNOLD,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendant,

BY: s/ Kyrstin Beasley
Kyrstin Beasley #6323618
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone (217) 557-0261
Emails: kyrstin.beasley@ilag.gov
& gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ABDUL LOVE, #M10108, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 22-2340-NJR |
| | ) | |
| DAVID MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, the foregoing document, *Defendant Arnold's Response to Plaintiff's First Set of Request for Production of Documents Dated 9/25/2024*, were sent via e-mail to the following:

NONE

and I hereby certify that on the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

Abdul Love, #M10108
Pinckneyville Correctional Center
Individual in Custody Legal Mail/Parcels
5835 State Route 154
PO Box 999
Pinckneyville, IL 62274

Respectfully Submitted,

By: s/ Kyrstin Beasley

Kyrstin Beasley #6323618
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone (217) 557-0261
Emails: kyrstin.beasley@ilag.gov
& gls@ilag.gov