IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABDUL LOVE,

              **Plaintiff,**

v.                                                                                                    **Case No. 3:22-CV-2340-NJR**

LATOYA HUGHES,

            **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a motion for reconsideration (Doc. 100) filed by *pro se* Plaintiff Abdul Love, an inmate incarcerated at Pinckneyville Correctional Center within the Illinois Department of Corrections (IDOC). On July 27, 2026, the Court granted summary judgment against Love on one of his two claims after determining Love had failed to submit sufficient evidence to establish that former defendant Richard Arnold had been personally involved in an alleged deprivation of his First Amendment right to free exercise. (Doc. 96, at 5–9).[1] Love now asks this Court to reconsider that decision. For the reasons set forth below, the motion is denied.

### BACKGROUND[2]

Love is a practicing Muslim who participates in Ramadan, a month-long religious celebration that requires worshipers to fast between the hours of sunrise and sunset.

---

[1] *See also Love v. Hughes*, No. 22-cv-2340, 2026 WL 214913 (S.D. Ill. July 27, 2026).
[2] The following facts are taken from this Court's order partially granting summary judgment unless otherwise noted. (Doc. 96, at 2–4).

At sunset, they must break their fast, ideally with dates and water.

In 2022, Pinckneyville Correctional Center was under an administrative quarantine, which meant that meals were brought to inmates' cells. Love, a Pinckneyville inmate, was supposed to receive his dinner tray around sunset. Dietary staff brought the Ramadan trays to the cell house around 45 minutes before sunset. But the trays were not delivered to the inmates in their cells until 30 minutes to two hours after sunset. As a result, Love had to break his fast with his own personal food, which he purchased from the commissary.

At all relevant times, Arnold was the facility chaplain at Pinckneyville. As Chaplain, Arnold was required to coordinate with the prison administration to facilitate the observance of Ramadan. However, he did not deliver the dinner trays to participants. The trays were delivered and passed out by dietary supervisors and inmates serving as porters.

Love formally complained, but the delays continued. Love felt Arnold had done nothing to address his concerns. He sued Arnold and others for various alleged violations; in particular, he claimed that Arnold had violated his free exercise rights under the First Amendment and sought damages under 42 U.S.C. § 1983 (*See* Doc. 96, at 4–9). The Court granted summary judgment against Love on this claim, finding he had not submitted enough evidence for a jury to decide that Arnold was personally involved in the alleged deprivation of his rights. *Id.* Specifically, Love had not shown that Arnold had the power to require the dietary staff to deliver dinner trays earlier. *Id.*

### LEGAL STANDARD

Motions to reconsider interlocutory orders (i.e., orders entered before final judgment) are left to the discretion of the trial court. *E.g.*, *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159–60 (N.D. Ind. 1995) (citations omitted); *see also* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ."). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). Instead, "[a] motion for reconsideration 'essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Brown v. Auto-Owners Ins. Co.*, No. 24-cv-04131, 2026 WL 2210111, at *2 (C.D. Ill. 2026) (quoting *Ressell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

### DISCUSSION

Love argues this Court erred when it determined that he had not submitted sufficient evidence to establish Arnold's personal responsibility for the alleged constitutional violation (Doc. 100, at 2–5), a requirement for liability under § 1983. *E.g.*, *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). He claims he did submit such evidence: specifically, he argues that he "has presented documentation proving that Defendant Arnold had the authority to direct both dietary and security staff to provide

[him] with his Ramadan dinner tray prior to sunset, thereby creating an issue of material fact." (Doc. 100, at 2–3). Love points to an IDOC Administrative Directive which states that "Facility Chaplains shall . . . coordinate the administration of religious rites, where appropriate." *Id.* at 3, 10. He also invokes Arnold's admission in the summary judgment briefing that he was "required to coordinate with the [prison] [a]dministration regarding the religious rites associated with the Islamic practices observed during the month of Ramadan." (Doc. 90, at 1–2; *see* Doc. 100, at 3). He claims this evidence "establish[es] that Defendant Arnold had lawful authority under [the laws of Illinois] to direct the . . . dietary supervisors and security staff to serve Plaintiff his Ramadan dinner trays prior to sunset." (Doc. 100).

Unfortunately for Love, his evidence does not carry his burden. All it establishes is that Arnold was required to "coordinate" with the other staff at Pinckneyville regarding the administration of Ramadan—not that Arnold had the *authority* to order dietary staff (or anyone else) to deliver dinner trays at any particular time (a necessary pre-requisite for his personal involvement, as this Court explained in its prior order). Additionally, Arnold and Love each submitted evidence confirming that the delivery of the dinner trays was *not* within Arnold's authority to manage; instead, all evidence in the record confirms that tray delivery was managed by dietary and cell house staff. (Doc. 81-2, at 2 (evidence submitted by Defendants); Doc. 90, at 37 (evidence submitted by Love); *see also* Doc. 96, at 8).

Maybe if there had not been *any* other record evidence concerning Arnold's authority, one could find a dispute of material fact. For instance, one could read the word

"coordinate" to mean "manage" or "direct." Similarly, a dispute of material fact would be established if Love could point to anything in the record suggesting that Arnold actually directed or managed the staff who delivered the dinner trays. But without such evidence, the leap from coordination to management requires speculation: Love provides nothing beyond the bare word "coordinate" to suggest that Arnold had the requisite authority. "Inferences that rely upon speculation or conjecture are insufficient" to establish a genuine dispute of material fact. *Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. 2014). Without any evidence that Arnold had the authority to direct the individuals who were responsible for delivering the dinner trays, Love fails to establish a genuine dispute of material fact sufficient to survive summary judgment.

## CONCLUSION

For these reasons, the motion for reconsideration filed by Plaintiff Abdul Love (Doc. 100) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   **August 6, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**